FOURNET, Chief Justice
(dissenting).
While true that the commission of the act for which defendant was tried -is a heinous' crime, and regardless of how con *1144 vincing may have been the evidence offered of his guilt, under the Due Process Clause, neither a man’s life nor his liberty can be taken without compliance with rules of law established for the trial' of criminal cases. Although it is not every error committed by a trial judge during the course of a trial that will furnish cause for reversal, one of the cardinal rules applicable here is that an accused is entitled to be tried by competent jurors—failing which reversible error is committed.
Under the facts of this case, the defendant was later forced to accept an obnoxious juror because he had had to use one of his peremptory challenges when the Trial Judge) rejecting defendant’s challenge for cause, ruled, as reflected by Bill of Exception No. 16, that Roy Carter was a competent juror, despite the fact that the said prospective juror had indicated conscientious scruples against bringing in a verdict without capital punishment. This is reversible error. State v. Henry, 196 La. 217, 198 So. 910; State v. Weston, 232 La. 766,. 95 So.2d 305. The said bill of exception recites that “ * * * Roy Carter, a prospective juror, was examined on the voir dire and testified that he had conscientious scruples against returning a verdict of guilty without capital punishment.” The-recitals of this bill were approved by signature of the Trial Judge and are confirmed by the evidence attached to and forming part of the said bill. Without an explanation from the Trial Judge by per curiam[1] as to the reason for her ruling, we -are not authorized to express an opinion as-to what she may have thought, or why she-ruled as she did. Clearly, under those circumstances the defendant’s conviction was. not in accordance with law.

. The Trial Judge did not attach a per curiam to any of the bills of exception, as reflected by footnote 1 of the original opinion.